IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,   )<br>)<br>)<br>Plaintiff,   )<br>)  CIVIL ACTION NO.<br>v.   )<br>)<br>BJ'S WHOLESALE CLUB, INC.   )   **COMPLAINT**<br>)   **JURY TRIAL DEMANDED**<br>)<br>Defendant.   )<br>) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, black, and to provide appropriate relief to Charging Party Jacqui M. Hill who was adversely affected by such practices. As alleged with greater particularity in Paragraph 7 below, the Commission alleges that Ms. Hill, despite her qualifications, was denied promotion into full-time bakery positions on several occasions. These positions were instead awarded to white employees with less seniority and less bakery experience. As a result of the Defendant's discriminatory denial of the positions to Ms. Hill, she incurred backpay losses and suffered emotional distress damages.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.   The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4.  At all relevant times, Defendant Employer, BJ's Wholesale Club, Inc., has continuously been and is now a Delaware Corporation doing business in the State of Pennsylvania and the Town of Conshohocken in Montgomery County, and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Charging Party Jacqui M. Hill filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least January 2003, Defendant Employer has engaged unlawful employment practices at its Conshohocken, Pennsylvania facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by failing to promote Charging Party to full-time positions in the Bakery Department, and selecting white applicants with less seniority with the

less bakery experience. The unlawful employment practices include, but are not limited to, the following:

(a) Charging Party Jacqui M. Hill, who is black, was hired by Defendant Employer as a part-time Bakery Clerk at its facility in Conshohocken, Pennsylvania in October 2003 as a result of a referral by the Culinary Arts Institute of America.

(b) Upon her hire, Ms. Hill expressed interest in a full-time bakery position and was informed by management that, according to the practice of Defendant Employer, she would receive full-time status in the Bakery Department upon successful completion of ninety (90) days' probation. She was further instructed that departmental seniority was the deciding factor for promotion to full-time status in the Bakery Department.

(c) Although Ms. Hill completed her probation with satisfactory job performance, a white employee with less seniority in the Bakery Department was awarded the next full-time position in the department in or around February 2004.

(d) Ms. Hill questioned Defendant Employer's failure to promote her and continued to seek a full-time position in the Bakery Department.

(e) During 2004, while two Bakery employees were on medical leave, Ms. Hill began to perform duties of the Baker position, including cake decoration. She continued to perform duties of the Baker job during her employment as a Bakery Clerk

(f) On May 27, 2004, a white employee who was initially assigned to the Food Court for his first day of work was approached by management and was offered a transfer from the Food Court to the Bakery Department. The following day, May 28, 2004, this employee began a full-time position in the Bakery.

(g) In or about June 2004, an opening for the position of Baker was posted and Ms. Hill

bid on the job; however, it was awarded to a white outside applicant and new hire who informed Bakery Department employees that she had never decorated a cake in her life.

(h) Ms. Hill was told by Todd Meyer, Bakery Department Manager, that he knew that he "treated her differently." He further advised Ms. Hill that her only hope of obtaining full-time employment was to transfer to the Food Court. Thus, Ms. Hill transferred in September 2004 to the Food Court and became a full-time employee with attendant benefits.

(i) Upon her arrival in the Food Court in September 2004, Ms. Hill was informed by a member of Food Court management that it was well known that the Bakery Department sought and preferred whites as full-time employees, as opposed to black employees.

(j) Following her transfer to the Food Court, Ms. Hill maintained her interest in the Bakery Department. In June 2006, Ms. Hill returned to the Bakery Department, but for a period of time, she was paid at a lower rate of pay than she should have been paid in the full-time Baker position.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive Jacqui M. Hill of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, black.

9. The unlawful employment practices complained of in paragraph 7, above, were intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or with reckless indifference to the federally protected rights of Jacqui M. Hill.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers,

successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B.     Order Defendant Employer to institute and carry out policies and practices which effectively prohibit race discrimination in the work place, which provide equal employment opportunities for black employees, and which eradicate the effects of its past and present unlawful employment practices

C.     Order Defendant Employer to make Ms. Hill whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Employer to make whole Ms. Hill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to out-of-pocket losses in amounts to be determined at trial.

E.     Order Defendant Employer to make Ms. Hill whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to pain and suffering, humiliation, loss of life's pleasures, depression, anxiety, stress, panic, and other physical and psychological, and emotional symptoms and conditions, in amounts to be determined at trial.

F.     Order Defendant Employer to pay Ms. Hill punitive damages for its malicious and reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                  Ronald S. Cooper
                                  General Counsel

                                  James L. Lee
                                  Deputy General Counsel

                                  Gwendolyn Young Reams
                                  Associate General Counsel
                                  Washington, D.C.

                                  */s/ Jacqueline H. McNair*
                                  Jacqueline H. McNair
                                  Regional Attorney

                                  */s/ Judith A. O'Boyle*
                                  Judith A. O'Boyle
                                  Supervisory Trial Attorney

                                  */s/ Cynthia A. Locke*
                                  Cynthia A. Locke
                                  Senior Trial Attorney
                                  U.S. EEOC
                                  Philadelphia District Office
                                  21 S. 5th Street, Suite 400
                                  Philadelphia, PA 19106
                                  215.440.2683
                                  PA ID No. 37637